

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7877 | **DATE** | 8/6/2001 |
| **CASE TITLE** | Joe N. Sherrod-Bey etc. Vs. Kenneth R. Briley et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Dr. Aguinaldo's motion to dismiss granted. Amended complaint count V is dismissed. (no. 38-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 7 2001 | 40 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | mw | |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -6 PM 5:07 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE N. SHERROD-BEY #N-13582, )
)
        Plaintiff, )
)
v. ) No. 00 C 7877
)
KENNETH R. BRILEY, et al., )
)
        Defendants. )

DOCKETED
AUG 0 7 2001

## MEMORANDUM OPINION AND ORDER

This is one of several 42 U.S.C. §1983 ("Section 1983") actions originally brought pro se by Stateville Correctional Center ("Stateville") inmate Joe Sherrod-Bey ("Sherrod-Bey"). Two such actions remain pending and are now being handled by counsel appointed to represent Sherrod-Bey pro bono publico.

Dr. Evaristo Aguinaldo (Sherrod-Bey having inadvertently misspelled his last name as "Agunaldo") has been added as a defendant--he is named in Amended Complaint ("AC") Count V--and has moved to be dismissed from the action. For the reasons stated in this memorandum opinion and order, the motion is granted and Dr. Aguinaldo is dismissed as a defendant.[1]

According to the AC, which must of course be credited for

---

[1] Sherrod-Bey's appointed counsel have served him well, in part by offering successful resistance to a dismissal motion filed by defendants other than Dr. Aguinaldo. It was therefore unsurprising to learn that the same level of professionalism has led counsel to interpose no objection to Dr. Aguinaldo's current (and meritorious) motion. At the same time, this opinion will spell out the relevant legal analysis in some detail, so that Sherrod-Bey himself will understand the lack of viability of this aspect of his lawsuit.

purposes of such a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, Dr. Aguinaldo saw Sherrod-Bey only once, during a sick call at Stateville back in December 1999. At that time Sherrod-Bey complained of "an extensive skin rash that had developed on the lower part of Sherrod-Bey's body, wiast [sic] down" (AC ¶66). Dr. Aguinaldo didn't prescribe any medication for the rash (id. ¶67), and the rash later "spreaded [sic] to the upper portion of Sherrod-Bey's body" (id. ¶68).

Nonetheless Sherrod-Bey does not say that he ever returned to Dr. Aguinaldo or to the sick call with any further complaint or to seek any further examination.[2] Instead, more than a year later (about January 26, 2001) Sherrod-Bey wrote a letter to Stateville's Medical Director Dr. Joseph Smith (Dr. Aguinaldo's immediate supervisor) to complain about the latter's failure to have prescribed medication for the rash (AC ¶69). Then AC ¶70 goes on to describe Dr. Smith's response:

> On or about February 14, 2001 Dr. Smith wrote Sherrod-Bey a letter which stated "By far, the most common cause of your rash is a fungal dermatitis and I have written a prescription for you. This cream will work, but needs to be used for two-three months. The only exception is when the rash is so extensive that it required oral medication but the cream is the approach most physicians recommend."

---

[2] We may rest assured that if Sherrod-Bey had done so, he certainly would have alleged that in the AC. This is not a matter of drawing an adverse inference against Sherrod-Bey, which would be problematic under Rule 12(b)(6), but rather of pointing out that no favorable inference may reasonably be drawn in his favor.

2

Finally, AC ¶71 says that Sherrod-Bey sustained "an additional 60 days of pain and suffering" by reason of Dr. Aguinaldo's failure to have prescribed medication on the occasion of his single observation of Sherrod-Bey back in 1999.

It is of course conventional wisdom that the standard for Section 1983 claims of the wrongful denial of medical treatment to persons in custody derives from the Eighth Amendment (via the Fourteenth), with that standard having been announced a quarter-century ago in the seminal decision in Estelle v. Gamble, 429 U.S. 97, 106 (1976):

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

In this instance Sherrod-Bey flunks both halves of the "deliberate indifference" and "serious medical needs" tests.

To look first at the seriousness (or in this instance the lack of seriousness) of the medical need identified by Sherrod-Bey, in several cases colleagues of this Court have rejected allegations of a skin rash, unaccompanied by any other evidence of a more serious medical condition, as coming within that standard--see Ware v. Fairman, 884 F.Supp. 1201, 1206 (N.D. Ill.

3

1995)(essentially on all fours with Sherrod-Bey's claim here); and cf. Garvin v. Fairman, No. 94 C 4435, 1995 WL 548638, at *4 (N.D. Ill. Sept. 13) and Anderson v. Unknown Officers, No. 91 C 20238, 1993 WL 515856, at *7 (N.D. Ill. Nov. 30). It is of course true that a rash could perhaps prove to be a symptom of a serious malady, but it is truly frivolous to place Sherrod-Bey's situation in that category. Such frivolousness is established conclusively not only by Sherrod-Bey's own failure to take his problem seriously enough to cause him to return to the sick call to see Dr. Aguinaldo (or any other doctor) again, but also by the very fact that nothing of any other nature developed during the ensuing year-plus (note that Sherrod-Bey's letter to Dr. Smith in early 2001 said not a word about any further complications or further problems, complaining only about Dr. Aguinaldo's asserted inaction during the first and only visit).

As for the equally essential ingredient of "deliberate indifference," Aguinaldo's counsel has misleadingly cited to Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991), a case that antedated the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994). More than seven years later every attorney who undertakes representation in this area of Section 1983 law ought to know that Farmer expressly rejected the intent-to-harm standard that had formed part of the Salazar formulation. And the fact that Dr. Aguinaldo has chosen to retain private

4

counsel rather than the Attorney General's office does not at all lessen the legitimacy of that expectation or excuse counsel's proposed reliance on pre-<u>Farmer</u> caselaw.

But that error on the part of Aguinaldo's counsel does not help Sherrod-Bey, for the <u>Farmer</u> articulation of "subjective recklessness" as the test for deliberate indifference "requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical need and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment" (<u>Wynn v. Southward</u>, 251 F.3d 588, 593 (7th Cir. 2001)(per curiam), citing <u>Farmer</u>, 511 U.S. at 837; and see also among a host of post-<u>Farmer</u> cases to the same effect, <u>Collignon v. Milwaukee County</u>, 163 F.3d 982, 989 (7th Cir. 1998)). This opinion has already scotched the notion that Sherrod-Bey exhibited a "serious medical need," and as for any showing of the necessary disregard, <u>Collignon</u>, <u>id</u>. teaches such disregard exists "only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." Nothing asserted by Sherrod-Bey comes even close to meeting the post-<u>Farmer</u> standard, even when his allegations are coupled with all reasonable favorable inferences, as is taught by the cases.

As stated at the outset, AC Count V does not pose a viable

5

Section 1983 claim. That count is dismissed, as is Dr. Aguinaldo as a defendant. This Court will await a further response by Dr. Aguinaldo's counsel as to whether a Rule 54(b) determination of finality (and hence appealability) is desired here (see National Metalcrafters v. McNeil, 784 F.2d 817, 821 (7th Cir. 1986)).

*[signature]*
_____
Milton I. Shadur
Senior United States District Judge

Date: August 6, 2001